IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIAM E. MCINTOSH and MARY    §
MCINTOSH,                             §
                                 §
     Plaintiffs,               §
                                 §
v.                                §      CIVIL ACTION NO. H-11-3874
                                 §
U.S. BANK NATIONAL ASSOCIATION   §
and REX KESLER,           §
                               §
     Defendants.            §

<u>MEMORANDUM AND ORDER</u>

Pending are Plaintiffs William E. McIntosh's and Mary
McIntosh's Motion to Remand (Document No. 7) and Defendant Rex
Kesler's Motion to Dismiss (Document No. 5). After carefully
considering the motions, responses, replies, and the applicable
law, the Court concludes that the case should be remanded.

## I. <u>Background</u>

In May 2005, Plaintiffs William E. and Mary McIntosh
("Plaintiffs") purchased a home situated at 22903 Thistlebury Lane,
Spring, Texas 77373 ("Property"), through a loan from Sebring
Capital Partners, L.P.[1] Plaintiffs executed, in favor of Sebring,
a promissory note evidencing the loan and a Deed of Trust securing

---

[1] Document No. 1, ex. 2 ¶ 9 (Orig. Pet.); *see also* Document
No. 10 at 1.

payment of the note.[2]  Defendant U.S. Bank National Association ("U.S. Bank") claims that "through assignment of the loan documents, U.S. Bank became the owner of the Note and the Deed of Trust."[3]  Plaintiffs had difficulty meeting their payment obligations, and on July 5, 2011, Rex Kesler ("Kesler"), the substitute trustee under the Deed of Trust, sold the Property to U.S. Bank at a foreclosure sale.[4]  Plaintiffs allege that a bank representative called them to provide them with move-out options in mid-July, which was the first notice received by Plaintiffs that Defendants intended to and had in fact sold the Property at a foreclosure sale.[5]  Plaintiffs allege that they were never provided the notice described in the Deed of Trust and required by section 51.002(d) of the Texas Property Code.[6]

Plaintiffs brought this action in state court, "seeking to set aside the substitute trustee's deed, and [seeking] damages arising out of Defendants' foreclosure of the Home."[7]  Plaintiffs seek a declaratory judgment of the parties' rights, status, or other legal

---

[2] Document No. 1, ex. 2 ¶ 9.

[3] Document No. 10 at 1; *see also* Document No. 5, ex. 3 (Substitute Trustee's Deed naming U.S. Bank as "current mortgagee.").

[4] *See* Document No. 5, ex. 3.

[5] Document No. 1, ex. 2 ¶¶ 10-11.

[6] Id. ¶¶ 12-14, 25-27.

[7] Id. ¶ 15.

relation under the Deed of Trust; a court order for U.S. Bank and/or Kesler to return title to the Property to Plaintiffs; and an award of attorney's fees and costs pursuant to Texas Civil Practice and Remedies Code § 37.009.[8]  Plaintiffs also claim, alternatively and/or conjunctively, breach of contract and violations of the Texas Deceptive Trade Practices Act against Defendant U.S. Bank National Association ("U.S. Bank"), wrongful foreclosure against both Defendants, and negligence and gross negligence against Kesler.[9]

Defendants timely removed based on diversity of citizenship, claiming that Kesler was joined improperly to defeat diversity jurisdiction.[10]  It is undisputed that U.S. Bank is a citizen of Minnesota, Plaintiffs and Kesler are Texas citizens, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[11] Therefore, if Kesler were improperly joined, then this Court would have diversity jurisdiction.

---

[8] Id. ¶¶ 17-21.

[9] Id. ¶¶ 22-30.

[10] Document No. 1 at 2.

[11] Id. at 1-2.

II.  <u>Motion to Remand</u>

A.  <u>Improper Joinder Standard</u>

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. <u>Ross v. Citifinancial, Inc.</u>, 344 F.3d 458, 461 (5th Cir. 2003). Here, Defendants make only the latter argument. Hence, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant. <u>Id.</u> at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. <u>Id.</u> The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

<u>Campbell v. Stone Ins., Inc.</u>, 509 F.3d 665, 669 (5th Cir. 2007) (citing <u>Ross</u>, 344 F.3d at 462-63); *accord* <u>Travis v. Irby</u>, 326 F.3d 644, 648-49 (5th Cir. 2003). Whether or not to "pierce the pleadings" is discretionary, and may be appropriate in order to

4

identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573-74 (5th Cir. 2004).  The focus of this summary inquiry must be on whether Kesler was improperly joined in order to defeat diversity, not on the overall merits of Plaintiffs' case.  Id. at 573.

The party claiming fraudulent joinder bears a "heavy burden" of persuasion.  Id. at 574.  All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B.   Improper Joinder Analysis

Defendants claim that Kesler was improperly joined because "Plaintiffs are unable to establish a cause of action against Kesler under Texas law."[12]  Under Texas law, a substitute trustee may be held liable for failing to comply with the terms of the Deed of Trust or with the Property Code.  Ochoa v. U.S. Bank & Nat'l Ass'n, No. EP-10-CV-00487-KC, 2011 WL 2565366, at *2-3 (W.D. Tex. June 27, 2011) (Cardone, J.) ("Texas Property Code establishes that a trustee may be joined as a party to a suit, and this Court and

---

[12] Document No. 10 at 2.

5

other district courts in Texas have held that substitute trustees are proper parties." (citing TEX. PROP. CODE § 51.007(a)); Marsh v. Wells Fargo Bank, N.A., 760 F. Supp. 2d 701, 707-08 (N.D. Tex. 2011) (Lynn, J.) (explaining in *dicta* that substitute trustees may be proper parties in wrongful foreclosure suits). A substitute trustee has the duty to "act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." Marsh, 760 F. Supp. 2d at 708 (citations and internal quotation marks omitted). "This duty is breached when the trustee fails to comply strictly with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code." Id. (citing Clauer v. Heritage Lakes Homeowners Ass'n, 726 F. Supp. 2d 668, 673 (E.D. Tex. 2010)). For a sale under a deed of trust to be valid, the terms set out in the deed of trust must be followed strictly. Univ. Sav. Ass'n v. Springwoods Shopping Ctr., 644 S.W.2d 705, 706 (Tex. 1982); *see also* Bonilla v. Roberson, 918 S.W.2d 17, 21 (Tex. App.--Corpus Christi 1996, no writ) ("Because a power of sale under a deed of trust is a harsh method of collecting debts and of disposing of another's property, it can only be exercised by strict compliance with the note and conditions of sale.").

Before a foreclosure sale can be conducted, the note holder must give the debtor "written notice . . . stating that the debtor is in default . . . and giving the debtor at least 20 days to cure

the default before notice of sale can be given under Subsection (b)." TEX. PROP. CODE § 51.002(d) (West Supp. 2011). Once these criteria have been satisfied, the note holder must give the debtor "notice of the sale . . . at least 21 days before the date of the sale." TEX. PROP. CODE § 51.002(b) (West Supp. 2011).

Plaintiffs' claims against Kesler are based on the allegation that he and U.S. Bank did not provide proper notice pursuant to Texas Property Code Section 51.002(d) and the Deed of Trust.[13] Plaintiffs further allege that this failure resulted in Plaintiffs losing title to their property without the opportunity to cure the default and disturbed "Plaintiffs' peaceful possession of the Home" when U.S. Bank filed a forcible detainer suit against which Plaintiffs had to defend.[14] Plaintiffs allege that U.S. Bank did not notify them of the planned foreclosure sale until *after* it had occurred, when a representative of U.S. Bank called them to inform them of their move-out options. Plaintiffs seek to set aside the foreclosure sale as void and to have title to the Property restored in them, or alternatively, to recover damages from Defendants for their wrongful foreclosure. Taking Plaintiffs' allegations against Kesler as true, as the Court must for the purposes of this motion,

---

[13] Document No. 1, ex. 1 ¶¶ 25-28. The Deed of Trust provides, "If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place, and terms of sale by posting . . . . Lender shall mail a copy of the notice to Borrower . . . ." Document No. 5, ex. B, at ¶ 22.

[14] Id. at ¶ 25-26.

Plaintiffs have stated a valid claim against Kesler for breach of
the duty to act with absolute impartiality and fairness to
Plaintiffs when he allegedly conducted the foreclosure sale without
Plaintiffs having been given the required advance notice of the
sale.  They further allege that Kesler's duty to act with absolute
impartiality and fairness to all concerned required him to comply
strictly with the terms of the Deed of Trust, which he failed to do
either negligently or intentionally with "callous disregard" for
his duty under the Deed of Trust.  *See* Johnson v. Ocwen Loan
Servicing, LLC, No. C-09-47, 2009 WL 2215103, at *3-4 (S.D. Tex.
July 22, 2009) (Jack, J.) (finding that trustee was not improperly
joined because she failed to provide the statutory notice of the
foreclosure sale); King v. Bank of New York, No. C.A. C-05-408,
2005 WL 2177209, at *5 (S.D. Tex. Sept. 7, 2005) (Jack, J.)
(finding that Plaintiffs pled a cause of action against the trustee
who failed to give proper notice of the foreclosure sale and that
"[b]ecause [defendant], as trustee, acted in a separate capacity
from [the banks] and bears responsibility for her actions in the
foreclosure process, this Court finds that she has not been
improperly joined"); Ochoa, 2011 WL 2565366, at *4 (finding that
plaintiff could maintain a cause of action against a substitute
trustee when trustee allegedly failed to give proper notice of the
foreclosure sale pursuant to the Property Code).

Defendants rely on <u>Marsh</u> to argue that the breach of a trustee's duty is not an independent cause of action under Texas law.[15]   760 F. Supp. 2d at 709.   <u>Marsh</u> explained, however, that alleging a trustee's breach of that duty "is merely a method of asserting a claim for wrongful foreclosure," and that "a foreclosure sale is a necessary element of wrongful foreclosure." <u>Id.</u> at 709.   In <u>Marsh</u>, there had been no foreclosure sale, and there was therefore no viable claim for breach of the trustee's duty.  Here, on the other hand, it is alleged that Kesler *did* sell the Property and he therefore may be charged with breaching his duty of absolute impartiality and fairness by conducting the sale without complying with the notice requirements of the Deed of Trust and the Texas statute.

Defendants erroneously argue that Kesler "only acted under his duties as substitute trustee under the deed of trust and is not liable under state law."[16]  "A trustee exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility." <u>Peterson v. Black</u>, 980 S.W.2d 818, 822 (Tex. App.--San Antonio 1998, no pet.); *see also* <u>Hammonds v. Holmes</u>, 559 S.W.2d 345, 347 ("The trustee has a separate capacity and is imposed with a

---

[15] *See* Document No. 10 at 5.

[16] Document No. 1 at 5.

9

particular legal responsibility."); <u>Perry v. Long</u>, 222 S.W.2d 460, 467 (Tex. Civ. App.--Dallas 1949, writ ref'd) ("trustees are not agents"); <u>Beggs v. Brooker</u>, 79 S.W.2d 642, 643 (Tex. Civ. App.-- Fort Worth 1934), *aff'd*, 106 S.W.2d 1039 (Tex. 1937) (same).

Finally, there is also no merit in Defendants' contention that section 51.007 of the Property Code bars Plaintiffs' recovery from a substitute trustee.   To begin with, Kesler did not file a verified denial as permitted by section 51.007 to provide proof that he is not a necessary party to this suit. *See* TEX. PROP. CODE 51.007 (West 2007).  Moreover, section 51.007 "does not . . . stand for the proposition that a substitute trustee cannot be sued ever in that capacity or that she must automatically be dismissed simply because she is sued in her capacity as substitute trustee." <u>Miller v. Chase Home Fin., LLC</u>, No. 3:09-CV1503-K, 2010 WL 70089, at *3 (N.D. Tex. Jan. 6, 2010) (Kinkeade, J.) (finding that trustee was not improperly joined when Defendants failed to meet their burden to show that there was no reasonable basis for recovery against her); *see also* <u>Rodriguez v. Ocwen Loan Servicing, LLC</u>, No. C-07- 471, 2008 WL 65405, at *4 (S.D. Tex. Jan. 4, 2008) (Jack, J.) (section 51.007 does not bar substitute trustees from being sued).

In sum, after resolving all doubts in favor of the non- removing parties at this pleading stage, Defendants have not met their heavy burden to show that there is no reasonable possibility of recovery against Kesler.   Therefore, Kesler's joinder was

proper, and this Court does not have jurisdiction over this case. *See* <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988).

III.   <u>Order</u>

Accordingly, it is

ORDERED that Plaintiffs William E. McIntosh's and Mary McIntosh's Motion to Remand (Document No. 7) is GRANTED, and this case is REMANDED to the 151st Judicial District Court of Harris County, Texas.  It is further

ORDERED that Defendant Rex Kessler's Motion to Dismiss (Document No. 5) is DISMISSED as MOOT.

The Clerk will mail a certified copy of this Order to the Clerk of the 151st Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 10th day of January, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE